UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD HOPE, ET AL

VERSUS

EDITH REBECCA YOUNG-TORRES,
ET AL

CIVIL ACTION

NUMBER 06-988-FJP-SCR

**<u>RULING</u>**

Plaintiff originally filed this suit seeking to recover on an open account. Defendant RCG Enterprises has now filed a motion for summary judgment.[1] This motion focuses primarily on which party has the capacity to bring the lawsuit and to be sued. The Court finds defendant's motion for summary judgment should be granted. Thus, defendant's motion to strike the affidavit of Richard Hope is denied as moot.[2]

The Court has carefully reviewed plaintiff's deposition testimony, his affidavit, and the Nevada Secretary of State records. It is clear to the Court that the affidavit of Richard Hope completely contradicts plaintiff's sworn deposition testimony. This Court will not allow the plaintiff to testify to a fact in a

---

[1] Rec. Doc. No. 30.

[2] Rec. Doc. No. 35.

sworn deposition and then try to defend a motion for summary judgment by submitting a sworn affidavit that totally and completely is contrary to his sworn deposition testimony. Specifically, plaintiff testified as follows regarding his relationship to Western Commercial Group, Inc. ("WCG") in his deposition:

1. He believes WCG filed state tax returns but does not know who would have knowledge of such filing;[3]
2. He does not know who keeps the books for the company;[4]
3. He responded that he is not sure if he is the President of WCG when asked who was the President;[5]
4. He knows he is commissioned by the corporation to generate business and has no supervisor;[6]
5. He cannot remember when he began working for WCG;[7]
6. He was hired by phone interview by someone named "John";[8]
7. He cannot recall a resolution authorizing him to open

---

[3]Deposition of Richard Hope, p. 21, lines 6-17.

[4]*Id.* at p.21, lines 18-25; p. 22, lines 1-2.

[5]*Id.* at p. 22, lines 3-5, lines 18-19.

[6]*Id.* at p. 22, lines 6-17.

[7]*Id.* at p. 23, lines 1-3, lines 9-13.

[8]*Id.* at p. 23, lines 20-25.

Doc#45299                                2

        corporate accounts on behalf of WCG;[9]

8. He cannot recall what he told the bank his position was with WCG when he opened the corporate account;[10]

9. He claims he has authorization to sign checks on behalf of WCG, but cannot remember who gave him such authorization.[11]

These statements sharply contrast the affidavit of Richard Hope, which is attached to his opposition to the motion for summary judgment.[12]  In the affidavit, plaintiff states that he is the President, secretary, treasurer and director of WCG.  The paperwork from the Nevada Secretary of State confirms this as true.  Plaintiff argues that as the sole owner, shareholder, president, secretary, treasurer and director, Richard Hope clearly has the authority to bring suit on behalf of WCG.  However, in his deposition, plaintiff stated he was hired as the sole owner and president of the company by a phone interview, but cannot even remember who hired him, could not recall who authorized him to sign checks,[13] and cannot recall whether the company filed state tax

---

[9]*Id.* at p. 25, line 25; p. 26, lines 1-3.

[10]*Id.* at p. 25, lines 18-25; p. 26, lines 1-3.

[11]*Id.* at p. 31, line 10 and lines 18-20.

[12]Rec. Doc. No. 33.

[13]If you are the sole owner, why do you need such authorization?

returns.

The law clearly requires that the corporate parties can only be the proper party plaintiff and defendant in this matter. Neither Richard Hope nor Edith Young-Torres is the corporate party and there is no evidence that either has been authorized to file suit and be sued. Plaintiff cannot rely on this self-serving affidavit which contradicts his sworn testimony to defend a motion for summary judgment. Based on the discrepancies between Richard Hope's deposition testimony and his affidavit and the attached Nevada Secretary of State paperwork on WCG, plaintiff has totally failed to establish that he has the capacity to sue on behalf of WCG.

Therefore, defendant's motion for summary judgment is granted. Defendant's motion to strike the affidavit of Richard Hope is denied as moot.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, July 22, 2008.

                                              FRANK J. POLOZOLA
                                              MIDDLE DISTRICT OF LOUISIANA